[No. 11793.   Department One. — October 31, 1887.]

## M. BYRNE, APPELLANT, *v.* M. H. CRAFTS ET AL., RESPONDENTS.

WATER RIGHTS — WASTE WATER — PRIOR ADJUDICATION — EVIDENCE. — The action was brought by the plaintiff to establish his rights in the waters of a certain stream known as Mill Creek, and to enjoin the defendants from interfering therewith.   In a prior action between the same parties and the predecessors in interest of certain of them, for the purpose of determining their respective rights in the same stream, it was adjudged that the present plaintiff and his grantors were the owners of the waste water from a ranch belonging to the defendants, known as the Carpenter ranch.   The waste water was defined in the decision in the prior action as being "that portion of said waters which is not necessary to irrigate the Carpenter ranch, and for household purposes thereon." *Held*, that under the prior decision the defendants were only entitled to use the waters of the stream upon that particular ranch, and that it was erroneous to exclude evidence tending to show the amount of water reasonable and necessary for the purposes of the ranch, and the amount diverted by the defendants for other purposes.

LXXIII. CAL.—41

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The action was brought by the plaintiff to establish his rights in the waters of a certain stream known as Mill Creek, and to enjoin the defendants from interfering therewith. The further facts are stated in the opinion of the court.

*Byron Waters, H. M. Willis,* and *W. G. Webb,* for Appellant.

*Curtis, Otis & Conner,* for Respondents.

PATERSON, J. — In *Cave* v. *Crafts,* 53 Cal. 135, it was adjudicated " that that portion of the said waters which is not necessary to irrigate the Carpenter ranch, and which is known as the waste water of the Carpenter ranch, and for household purposes, the same had, for more than five years prior to the commencement of this suit, been used and appropriated by defendant Leffingwell and Byrne, and their grantors, adversely to and against the owners of the lands of Cottonwood Row, and so used by them to irrigate, and for agricultural purposes, and for domestic uses.

" That the irrigation, cultivation, and profitable ownership of said orchards, farms, and vineyards of these plaintiffs solely and entirely depend upon these plaintiffs having and enjoying the full and entire use of the flow of said water, according to their ownership, flowing without interference, hindrance, or diminution thereof from any person.

" That plaintiffs are the owners of all the waters of Mill Creek, and are entitled to have the same flowing in said zanja, to and upon their respective lands, and to use the same for the purpose of irrigating their respective parcels of land.

" That defendants are the owners of the waste water of the Carpenter ranch or place, and to use the same upon other places to irrigate the same."

The judgment roll in that cause was introduced in evidence in the court below on the trial of this action, and the construction placed upon the findings which we have quoted by the court is shown in its twenty-fourth finding of fact, which is as follows: —

## " XXIV.

" That neither one third nor any fixed portion of the water of said Mill Creek constitutes the waste water of the said Carpenter ranch; but said waste water consists entirely of such water, if any, as may be allowed by the owners of said Carpenter ranch to flow past their said land when entitled to use the same, and which said owners may not care to use for any purpose thereupon."

The rulings of the court upon the testimony offered also show that the contention of counsel for defendants was sustained. That contention is thus stated by them: "The decree practically allowed to them a certain amount of water in absolute ownership, — to wit, the amount that was necessary at the time of the decree for the irrigation of the Carpenter ranch, — it decreed them the amount of water absolutely, and irrespective of any point of user of the same. If they had chosen to use no portion of it upon the Carpenter ranch, and to use it upon outside lands not included within the boundaries of the Carpenter ranch, so long as they did not exceed the amount of water awarded them, we submit that plaintiff can make no complaint."

The court excluded testimony tending to show that the defendants had used water upon land other than the Carpenter ranch. We do not think that the waste water referred to in the findings quoted above " consists entirely of such water, if any, as *may be allowed* by the owners of said Carpenter ranch to flow past their land when enti-

tled to use the same, and which said owners *may not care to use for any purpose* thereupon."

The decision of the court in the former case defines waste water to be " that portion of said waters which is not necessary to irrigate the Carpenter ranch, and for household purposes thereon "; and the judgment awarded to them in that case the use of the water " for the purpose of irrigating their respective parcels of land at the times respectively distributed to them, as aforesaid, . . . . and so much of said water as may be necessary for household purposes and watering stock on their respective places." It is nowhere said in the decision or in the judgment in that case that the waste water was such as might be allowed by the plaintiffs to flow past their land, and which the owners *might not care* to use *for any purpose* thereupon. If the construction placed upon the decision of the court in the former case by the court below be correct, then the defendants here could lock up the water in lakes and ditches, and use the same for boating and fishing, or any other purpose. It is clear that, under the adjudication made in *Cave* v. *Crafts*, the defendants are entitled to use the water only upon the Carpenter ranch. The quantity of water reasonable and necessary for the purposes of that ranch were matters of legitimate inquiry in the court below on the trial of this cause, and testimony tending to show how much water was required for, and how much was diverted from, the Carpenter ranch, should have been admitted. One of the objects of this suit was to enjoin the defendants from interfering with plaintiff's water rights. It is immaterial, so far as this branch of the case is concerned, that the plaintiff asked for a decree entitling him to the use of one third of all the water. As stated by the court in its finding, neither one third nor any fixed portion of the water constitutes the waste water of the Carpenter ranch. But the defendants claim to own all the water, including the waste water of the

Carpenter ranch, and it was admitted by the defendants that they had taken in several acres of land not included in the Carpenter ranch, and irrigated the same with the waters of Mill Creek; and they denied that "by the irrigation of said lands any water belonging to the plaintiff had been absorbed or used by said defendants, or either of them"; and denied "that by the taking in of new or any lands by defendants, or any of them, not heretofore irrigated, . . . . water belonging to plaintiff had been absorbed or used by defendants, or any of them." The building of a reservoir was admitted, and if the testimony offered by the plaintiff had been allowed by the court, it might have shown that the defendants had used the water wastefully upon the Carpenter ranch, or diverted large quantities to and upon other lands. If such a showing had been made by the plaintiff, it seems that he would have been entitled to an injunction, though other portions of his prayer were denied.

The twenty-eighth finding of the court upon the question of adverse user and claim of right by defendants is somewhat ambiguous; but as we understand the respondent, no claim is made other than that for domestic and household purposes during the months of July and August of each year, on the days when the Carpenter ranch is entitled to water. There was evidence to support the finding of the court to this extent, at least.

Judgment and order reversed, and cause remanded for a new trial.

TEMPLE, J., and McKINSTRY, J., concurred.